### 24214

In the Matter of Franklin E. ROBSON, Respondent.

(456 S.E. (2d) 374)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle*, Columbia, *for complainant.*

*Coming B. Gibbes, Jr.,* Charleston, *for respondent.*

Submitted Feb. 14, 1995.

Decided Mar. 13, 1995.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment pursuant to Paragraph 27 of the Rule on Disciplinary Procedure, Rule 413, SCACR. We accept respondent's admission and disbar him.

### The Citadel Federal Savings Bank Matters

Respondent served as closing attorney in two matters involving Citadel Federal Savings Bank. In the First matter, respondent withheld approximately $60,000 due the bank in a closing involving the Merediths. These funds were misappropriated by respondent.

In the second matter, respondent withheld approximately $10,500 from a real estate closing involving the Pope Greenwood Office Building. Additionally, respondent was paid approximately $10,393 by the bank to pay delinquent taxes on property mortgaged to the bank. Those taxes were never paid, and all the money (over $20,800) was misappropriate by respondent.

### The Rauton Matter

Respondent was the closing attorney on a loan of approximately $115,000 from Southern National Bank to George E.

and Ann C. Rauton. Approximately $75,000 was to be used to satisfy a first mortgage. Instead of satisfying the mortgage, respondent made payments on the mortgage for a period of time.

### The Frank Cisa Matter

Frank Cisa was co-counsel with respondent in a condemnation case involving the City of North Charleston against Janie N. and William L. Claxton. The judgment was appealed by the City, and City deposited approximately $45,000 representing its opinion of the value of the property with the clerk of court in Charleston County. At respondent's request, an order was subsequently obtained directing the clerk of court to remit those funds to the Claxtons and respondent. A check written to respondent and the Claxtons was negotiated bearing the Claxtons' forged signatures. Respondent failed to give the Claxtons their portion of the money, requiring Mr. Cisa to take action on behalf of the Claxtons to obtain the funds from the bank. Respondent admits he misappropriated these trust funds.

### The Sigwald Matter

Respondent was the closing attorney for refinancing the mortgage on the residence of Mr. and Mrs. Richard Sigwald. Instead of satisfying the original mortgage, respondent made payments on the mortgage for a period of time. The balance of approximately $80,817 was misappropriated by respondent.

### The Patricia Quattlebaum Matter

Respondent represented Patricia Quattlebaum in a foreclosure action and held, by consent of the foreclosing attorney, approximately $55,000 of the proceeds from the sale of the property in escrow. In August 1992, it was determined that the $55,000 was missing from respondent's escrow account. Respondent admits he either misappropriated these funds or at least failed to maintain the integrity of the money in his escrow account.

### The Mary Fender Matter

On or about July 7, 1992, Mary Fender purchased a piece of property, and respondent served as the closing attorney. Respondent assured Ms. Fender that the title would be properly recorded, and she would be given a Lighthouse Title Insur-

ance Policy. Respondent failed to provide the title and the insurance to Ms. Fender in a timely manner, forcing Ms. Fender to retain the services of another attorney to help locate her file. When the file was located, it was determined that the check for $125 to Lighthouse Title had never been properly forwarded, and that the title of the subject property had not been properly recorded in a timely fashion.

### The E.N. Smith Matter

Respondent served as attorney for himself, and others representing common stock ownership in Citadel Federal Savings Bank. Pursuant to that representation, respondent contracted with N.E. Smith to do analytical work on the loan assets and financial condition of the bank. Smith's work was utilized by respondent in an effort to place new members onto the Citadel Federal Board of Directors and make other changes in the management of the bank. Despite written and oral requests for payment, the sum owed Mr. Smith was not paid.

### The Neal McCaskill Matter.

Respondent was involved in a business venture, C.R. Investments, Inc., which contracted to sell a lot at Folly Beach to Mr. McCaskill. Mr. McCaskill paid approximately $24,000 as a down payment, with a balance of approximately $46,000 payable upon closing. The down payment was to be held in escrow, with interest in favor of the seller. It was later discovered that the down payment of $24,000 was missing. Respondent admits he misappropriated these funds.

### The Ashley Title Matters

Respondent was controlling principle of J.N. Robson and Sons, which owned fifty percent of the Ashley Title and Abstract Agency, Inc. (Ashley Title). On or about August 28, 1992, respondent certified a title to Ashley Title representing that a mortgage had been satisfied, when in fact, it had not. Further, respondent acknowledges at least one other instance in which he falsely certified a mortgage satisfaction to Ashley Title.

### The Fourth Circuit Court of Appeals Matter

The United States Court of Appeals for the Fourth Circuit published an opinion in the case of *Citizens Savings Bank,*

*F.S.B. v. Verex Assurance, Inc.*, 883 F. (2d) 299 (4th Cir. 1989). In that opinion, the Court made specific findings of fact regarding respondent's conduct as a closing attorney on the Mariner's Cay Development at Folly Beach, South Carolina.

The Court found that respondent was involved in a scheme to commit a fraud against Verex Assurance, Inc. (Verex). Under this scheme, purchasers of property at the Development would make a down payment on the property, but would then receive a cash rebate from the seller out of respondent's escrow account equal to the down payment. Verex was provided with documentation showing that the down payment had in fact been paid, and based on that documentation, it issued mortgage insurance to protect the lenders in the event of default by the purchasers. Respondent admits that he could not successfully defend himself against a charge of fraudulent conduct arising out of this matter.

### The United States District Court Matter

Respondent was indicted by the United States District Court, Charleston Division, on or about January 15, 1993, and charged with one count of knowingly and willfully executing a scheme to defraud a financial institution by using a "check kiting" scheme to obtain approximately $30,000. Respondent pled guilty to the charge, and was sentenced to a term of twelve months' imprisonment.

### Conclusion

In our opinion, respondent's conduct warrants disbarment. Respondent has violated Rule 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, by failing to safeguard and preserve the identity of client funds. Respondent has also violated Rule 8.4 by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, and by engaging in conduct that is prejudicial to the administration of justice. Additionally, respondent has violated Rule 413 by engaging in conduct which brings the legal profession into disrepute, and engaging in conduct which demonstrates an unfitness to practice law. Further, respondent has pleaded guilty to a "serious crime" as defined in Paragraph 2 (P) of Rule 413, SCACR.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. In addition to the requirements of Paragraphs 37 and 38, Rule 413, SCACR, no pe-

tition for reinstatement shall be accepted until respondent has filed proof that he has made full restitution to all institutions and individuals who have lost money as a result of his fraudulent acts or mishandling of trust funds, to include restitution to the Lawyer's Fund for Client Protection for any payment it may make. Respondent shall file an affidavit with the Clerk of Court, within fifteen (15) days of the date of filing of this opinion, showing that he complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.